TIMOTHY S. LAFFREDI (WI SBN1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA  94102
Telephone:  (415) 252-2062
Facsimile:   (415) 705-3379
Email: Marta.Villacorta@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>SANDBOX SUITES, INC.,<br><br>                Debtor. | Case No. 19-30461 HLB<br><br>Chapter 11<br><br>Date:     September 5, 2019<br>Time:    10:00 a.m.<br>Location: 450 Golden Gate Avenue<br>            16th Floor, Courtroom 19<br>            San Francisco, California 94102<br>Judge:   Honorable Hannah L. Blumenstiel |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant To 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case* ("Motion").[1]

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

UST Motion to Convert or Dismiss: Sandbox Suites, Inc., Case No. 19-30461 HLB    1

"Cause" exists to convert or dismiss this case for several reasons. First, Sandbox Suites, Inc. ("Debtor") has failed to fully comply with an order of the Court. Second, the Debtor has failed to provide information reasonably requested by the United States Trustee. Finally, the Debtor has failed to pay the United States Trustee quarterly fees for the second quarter of 2019. For these reasons, the United States Trustee has established cause to convert or dismiss this case pursuant to Section 1112(b). The Motion is supported by the following Memorandum of Points and Authorities incorporated herein, and the Declaration of Bankruptcy Analyst, Kristin A. McAbee ("McAbee Decl.") and exhibits filed concurrently herewith.

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

### A. Summary of Facts

1. On April 26, 2019, the Debtor filed a voluntary Chapter 11 bankruptcy petition.[2] ECF No.1.[3] The Debtor is represented by Jen Lee Law, Inc. ("Counsel"). ECF No. 28. An application to designate Mr. Roman Gelfer, the Chief Executive Office of the Debtor as the Responsible Individual has been filed (ECF No. 36), but has not been approved as of the date of this Motion. *See* PACER docket for Case No. 19-30461 HLB.

2. The Debtor's case was dismissed on May 22, 2019, for failure to comply with an order of the Court; however, an order vacating the dismissal order was entered on June 6, 2019.[4] ECF Nos. 14, 16.

//
//

---

[2] The United States Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[3] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for case number, 19-30461 HLB.

[4] The Initial Debtor Interview ("IDI") was conducted on May 20, 2019, prior to the dismissal of the Debtor's case. *See* McAbee Decl.,¶ 7. After the conclusion of the IDI, the United States Trustee emailed Counsel requesting certain IDI documents and any additional documents and/or amendments that were determined during the IDI. *Id.* at ¶ 8 and **Exhibit 1**.

UST Motion to Convert or Dismiss: Sandbox Suites, Inc., Case No. 19-30461 HLB 2

Case: 19-30461    Doc# 45    Filed: 08/02/19    Entered: 08/02/19 14:48:56    Page 2 of 9

3. It appears the Debtor's case was filed due to "loss revenue, coupled with two lawsuits for rent and breach of contract in connection with a former employee." ECF No. 31. No information was provided with respect to the nature of the Debtor's business. *Id.*

4. The section 341(a) meeting of creditors was held and concluded on July 9, 2019. *See* PACER docket for Case No. 18-30461 HLB. Due to a lack of interest, no official committee of unsecured creditors has been appointed by the United States Trustee. *Id.*

5. According to Amended Schedule A/B, the Debtor's assets include cash ($16,230.53) and "office furniture, fixtures, and equipment" valued at $28,000 ("Personal Property"). ECF No. 38. The Debtor also listed a leasehold interest in the following real properties: (i) 404 Bryant Street, San Francisco, California ("404 Bryant Street Property"); (ii) 1900 Addison Street, Suite 200, Berkeley, California; and (iii) 3505 El Camino Real, Palo Alto, California ("El Camino Real Property"). *Id.*

6. The following debts were listed on the Debtor's Schedules:

    a. Schedule D: Secured Claims        $0.00
    b. Schedule E: Priority Claims         $8,820.80
    c. Schedule F: General Unsecured Claims   $371,495.23

ECF No. 13, 38.

**B. Failure to Provide Information Reasonably Requested by the United States Trustee**

7. By email to Counsel dated July 19, 2019, the United States Trustee reminded the Debtor to provide, among other things, proof that the United States Trustee has been added to all insurance policies as a party to be notified in the event of policy cancellation. McAbee Decl., ¶¶ 9-10 and **Exhibit 2**. As of the date of this Motion, the Debtor has failed to provide proof that the United States Trustee has been added to the El Camino Real Property insurance policy as a third-party loss payee. *Id.* at ¶ 10.

**C. Failure to Fully Comply With the Court's July 18, 2019 Order**

8. On July 18, 2019, the Court issued an "Order Following Status Conference and Setting Deadlines," ECF No. 33 which provides that on or before July 31, 2019, the Debtor shall, among other things, file and serve on the United States Trustee a declaration explaining: (i) the

nature of the Debtor's business; (ii) the "Draws" identified in the statement of cash receipts attached to the April/May Monthly Operating Report (ECF No. 30); (iii) the reason for the Debtor's payment of the personal obligations of Mr. Roman Gelfer with an itemization of all such payments, including dates, amounts, and the nature of the expense; and (iv) the accounting expense disclosed in the April/May Monthly Operating Report including the amount and payment ("July 18 Order"). ECF No. 33. The July 18 Order also states that the Debtor shall provide any remaining outstanding information or documentation to the United States Trustee and to add the United States Trustee as a third-party loss payee to insurance policies. *Id.*

9. As of the date of this Motion, the Debtor has not provided the United States Trustee with the required declaration in accordance with the July 18 Order. McAbee Decl., ¶ 11.

**D. Failure to Pay United States Quarterly Fees**

10. As of the date of this Motion, the Debtor has unpaid quarterly fees of $975.00 for the second quarter of 2019. McAbee Decl., ¶ 12.

**E. Jurisdiction**

11. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

12. The United States Trustee bring this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

13. The United States Trustee has standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307 and 1112, and FRBP 1017 and 9014.

//
//
//
//
//
//
//
//

## II. **MEMORANDUM OF POINTS AND AUTHORITIES**

### A. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Convert or Dismiss This Bankruptcy Case.

11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

As movant, the United States Trustee bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

//
//
//
//

### B. Cause Exists Under 11 U.S.C. § 1112(b)(4)(E) because the Debtor has Failed to Fully Comply With an Order of the Court.

Section 1112(b)(4)(E) provides that a debtor's "failure to comply with an order of the court" is cause to convert or dismiss a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(E). This section gives effect to the notion that compliance with a court order is a fundamental obligation of the Debtor. As one court noted, "[b]ecause . . . violations [of a court's orders] are disrespectful to the Court, they are disrespectful to the judicial process." *Babakitis v. Robino (In re Robino)*, 243 B.R. 472, 487 (Bankr. N.D. Ala. 1999). Further, this section does not require that the Debtor's failure to comply be willful, in bad faith, or fraudulent. *In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011).

The deadline has passed to file and serve a declaration on the United States Trustee explaining: (i) the nature of the Debtor's business; (ii) the "Draws" identified in the statement of cash receipts attached to the April/May Monthly Operating Report (ECF No. 30); (iii) the reason for the Debtor's payment of the personal obligations of Mr. Roman Gelfer with an itemization of all such payments, including dates, amounts, and the nature of the expense; and (iv) the accounting expense disclosed in the April/May Monthly Operating Report including the amount and payment. *See* ECF No. 33; McAbee Decl., ¶ 11. Additionally, the Debtor has failed to provide proof that the United States Trustee has been added to the El Camino Real Property insurance policy as a third-party loss payee as required by the July 18 Order. McAbee Decl., ¶ 11. Given the Debtor's failure to fully comply with the Court's July 18 Order, the United States Trustee has established cause to either convert or dismiss this case pursuant to § 1112(b)(4)(E).

### C. Cause Exists Under 11 U.S.C. § 1112(b)(4)(H) Because Debtor Has Failed to Provide Information Reasonably Requested by the United States Trustee.

Cause also exists to dismiss or convert this case under §1112(b)(4)(H). Pursuant to §1112(b)(4)(H), cause also includes "failure to timely provide information . . . reasonably requested by the United States trustee . . . ." 11 U.S.C. § 1112(b)(4)(H). "This provision imposes sanctions for a debtor's failure to reasonably cooperate with the UST, who is charged under 28 U.S.C. § 586(a)(3) with the duty to "supervise the administration of cases" under the

Code." *In re McKenna*, 580 B.R. 1, 3 (Bankr. D.R.I. 2017) (citing *7 Collier on Bankruptcy* ¶ 1112.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).

Although the United States Trustee reminded the Debtor (through Counsel) to provide proof that the United States Trustee has been added to all insurance policies as a party to be notified in the event of policy cancellation, the Debtor has not fully complied with this request. McAbee Decl., ¶¶ 9-10 and **Exhibit 2**. As of the date of this Motion, the Debtor has failed to provide proof that the United States Trustee has been added to the El Camino Real Property insurance policy as a third-party loss payee. *Id.* at ¶ 10. Consequently, the United States Trustee has met her burden and established cause for conversion or dismissal under § 1112(b)(4)(H).

### D. Cause Exists Under 11 U.S.C. §1112(b)(4)(K) because of Debtor's Non-payment of United States Trustee's Quarterly Fees.

The United States Trustee is authorized by law to collect a mandatory quarterly fee from every debtor who files a chapter 11 bankruptcy case. *See* 28 U.S.C. § 1930(a)(6); *Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681, at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000). Quarterly fees are calculated based on the amount of disbursements made by a debtor during each quarter that the case is pending. If a chapter 11 debtor makes no disbursements during any quarter, the minimum fee that must be paid is $325 for that quarter. *See* 28 U.S.C. §1930(a)(6) and Fed. R. Bankr. P. 2015(a)(5).

"Cause" under 11 U.S.C. § 1112(b)(4)(K) states that a case shall be converted or dismissed if a debtor has failed to pay any fees or charges required under 28 U.S.C. § 123. The United States Trustee's quarterly fees are included in this section. *In re Sanders*, 2013 Bankr. LEXIS 4681, at *15-16.

Here, the Debtor has an outstanding balance of United States Trustee quarterly fees of $975 in connection with the second quarter of 2019, which are past due.[5] McAbee Decl., ¶ 12.

---

[5] The Debtor is required to pay any attendant interest in connection with delinquent quarterly fees. *See* 31 U.S.C. § 3717.

Based on the foregoing, the United States Trustee has established cause to either convert or dismiss this case pursuant to § 1112(b)(4)(K).

### E. Once Cause is Established, Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See In re Sanders,* 2013 Bankr. LEXIS 4681, at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775, at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681, at *18-19.

In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . .*and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> > (ii) that will be cured within a reasonable period of time fixed by the court.

UST Motion to Convert or Dismiss: Sandbox Suites, Inc., Case No. 19-30461 HLB  8

11 U.S.C. § 1112(b)(2) (emphasis added).

Importantly, the debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011). Here, the record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

Conversion of this case to Chapter 7 appears to be a more appropriate remedy because there may assets that are available for distribution to unsecured creditors. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

In the alternative, the United States Trustee does not object to dismissal of the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

### III. PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, the United States Trustee respectfully requests this Court enter an order (1) granting the motion; (2) converting or dismissing the case; and (3) for such other and further relief as is just and appropriate.

Date: August 2, 2019

                                                TRACY HOPE DAVIS
                                                United States Trustee, Region 17

                                                */s/ Marta E. Villacorta*
                                                MARTA E. VILLACORTA
                                                Trial Attorney